HAWKINS & Another, Assignees, & Others *v.* BLAKE & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NORTH CAROLINA.

Decided May 7th, 1883.

*Assignees in Bankruptcy—Equity—Mandate—Parties—Practice.*

On appeal from the decree of the court below executing the mandate of the court on the judgment entered in *Blake* v. *Hawkins*, 98 U. S. 315: *Held,*

1. That it was no error in the execution of the mandate to permit a new party to become party and set up rights under the decree, when it appears by the record that all parties consented.

2. That there was no error in charging the amount found due to the appellees, as next of kin, upon the real estate conveyed to Devereux by his mother, and in the hands of his assignees in bankruptcy; and the assignees took the estate charged with the specific equity to which it was subject in the bankrupt's hands, and must hold and apply it to the purposes to which in equity it is devoted.

Appeal from the decree entered in the court below on the mandate of this court sent down with the judgment and opinion in *Blake* v. *Hawkins*, 98 U. S. 315.

Mr. *Augustus S. Merrimon* and Mr. *Thomas C. Fuller*, for appellants.

Mr. *Solicitor-General* and Mr. *John W. Hinsdale* for appellees.

Mr. Justice Matthews delivered the opinion of the court.

A former appeal in this cause was disposed of by this court by a decision reported in *Blake* v. *Hawkins*, 98 U. S. 315, to which reference is made for a full statement of the case as then presented. The final decree of the circuit court, there reviewed, was reversed, and the cause was remanded with directions to take further proceedings and enter a decree in accordance with the opinion of the court as then declared.

The subsequent proceedings and decree, upon the mandate of this court, are now brought here for review, on the ground that they do not, in several particulars, conform to that mandate.

A brief statement of the case will suffice to explain and adjust the remaining controversy.

The complainants below were the appellants from the first decree, and are now appellees. They are of the next of kin of Frances Devereux, entitled to a share of the residue of her personal estate undisposed of by her will. The object of the bill was to obtain an account of that estate from Thomas P. Devereux, as executor *de son tort*, including a fund, being part of a sum of $50,000 originally charged upon real estate conveyed to Thomas P. Devereux by Frances Devereux, in case she should appoint the same by will or otherwise, and which, it was claimed by the complainants, she had appointed by her will to her executors. The estate of Thomas P. Devereux

passed, by his bankruptcy, to assignees and trustees, including the lands on which the fund in question, alleged to have been the subject of the appointment, had been charged. These assignees and trustees were defendants below, and are now appellants.

The charge upon the lands conveyed to Thomas P. Devereux included an annuity, during the life of Frances Devereux, payable to herself, of $3,000, being six per cent. on the principal sum, and as to the principal sum the language of the deed was:

"That the said Thomas P. Devereux, his heirs or assigns, shall invest for, or pay to, the said Frances, at such times, in such proportions, and in such manner and form as she shall direct and require, to and for her own sole and separate use, and subject to her own disposal by will, deed, or writings in nature thereof, or otherwise, to all intents and purposes (notwithstanding her coverture) as if she were a *feme sole* and unmarried, the sum of $50,000 ; but if the said sum of money, or any part thereof, shall remain unpaid, or shall not be invested during her life, and if the said Frances shall not by deed or will or writing in nature thereof, or by some other act, give, grant, dispose, or direct any payment, investment, or application of the same, then the said sum of money, or so much thereof as shall remain not paid, given, granted, disposed, or directed to be invested, paid, or applied, shall be considered as lapsing and the charge thereof as extinguished for the benefit of the said Thomas."

In her will, among other bequests, was one of $7,500 to Thomas P. Devereux, in trust, to apply the income on the same annually to the payment of certain annuities and charities therein specified. There was no residuary clause.

Thomas P. Devereux, though named as executor in his mother's will, did not qualify as such ; but, after her death, paid off the legacies mentioned and took possession of a large part of her personal estate, so as to become chargeable therefor as executor *de son tort*.

The estate of Frances Devereux is represented by an administrator *de bonis non* with the will annexed.

The decree of the circuit court in 1874, which was the subject of the former appeal, declared among other things:

1. That Frances Devereux did not by her last will appoint the fund of $50,000, charged upon the land, " to be part of her general personal estate in the hands of her executors ; nor . appoint the said fund at all, except so far as it is necessary to resort to the same to pay off the pecuniary legacies bequeathed by her in her said will, after exhausting for that purpose what remains of her personal assets, after payment of her debts and general expenses and the cost of administering her estate."

2. That the complainants were not entitled to any account of the fund of $50,000, except for the purpose of determining the amount in arrears of the annuity of $3,000 during the lifetime of Thomas Devereux, unexpended, of which unexpended balance, and of the remainder of her personal estate which came to the hands of Thomas P. Devereux, they are entitled to an account.

3. That in taking that account, the assignees in bankruptcy are entitled to be credited with the amounts which Thomas P. Devereux expended in purchasing the ·pecuniary legacies bequeathed by Frances Devereux.

A statement of that account was agreed upon, which showed that, at the date of his bankruptcy, May 31st, 1868, Thomas P. Devereux was chargeable with $41,633 of the general personal assets of his mother's estate, after payment of debts, funeral expenses, and costs of administration, including interest to that date; and that he was entitled to credit for $39,466.58, which included interest to the same date, for the amount expended by him in payment or purchase of the pecuniary legacies under the will, leaving a balance due from him of $2,166.42, of which the complainants were entitled to one-third, or $722.14, for which accordingly, a decree was entered in their favor.

In reversing this decree, this court said, 98 U. S. 328 :

" Whether, if the fund which remained in the hands of Thomas P. Devereux at the death of the testatrix had exceeded the sum required to pay the legacies given by her will—that is to say, the

sum of $28,500—the will would have been a complete execution of the power, covering the whole fund, or only a partial appointment of so much as was needed to pay those legacies, it is unnecessary for us now to decide. In the view which we take of the other questions involved in the case, that fund had been reduced so far that there was not more than enough remaining subject to the power to pay the sums bequeathed by the will. The execution was therefore complete, and it appointed the whole fund to the executors of this will, who took it under the appointment as part of the personal estate of the appointor." . . .

There was, therefore, error in the decree of the circuit court, so far as it adjudged that the testatrix, Frances Devereux, did not appoint to her executors the fund over which she had the power of appointment, "except so far as it is necessary to resort to the same to pay off the pecuniary legacies bequeathed by her in her said will, after exhausting for that purpose what remains of her general assets after payment of her debts and funeral expenses and the costs of administering her estate."

After noticing and disposing of other assignments of error, not material now to be repeated, the judgment of the court concludes as follows:

"Our conclusion, therefore, is, after reviewing the whole case, that there has been no error committed, except the single one which we first noticed. For that, however, the decree of the circuit court must be reversed, and the case sent back with instructions to direct a new accounting, and to enter a decree in conformity with this opinion."

The mandate of this court was entered of record in the circuit court at the June term, 1879; and thereupon Louisa N. Taylor filed her petition praying to be made a party, for the purpose of asserting her right to receive the value of two annuities to which she claimed to be entitled, one of $50 per annum out of the fund of $7,500 bequeathed to Thomas P. Devereux in trust for herself and others; and one of $150 per annum, which by the will of Frances Devereux, was directed to be paid out of funds arising from the sale of certain slaves

and a house and lot in Chapel Hill, it being alleged in her petition that Thomas P. Devereux had sold the house and lot, received the proceeds, and converted the slaves to his own use.

Service of this petition was accepted, and it was agreed that it might be heard at the same term, if practicable. The assignees in bankruptcy filed their answer to it, pleading the statute of limitations, alleging that the fund of $7,500 had been raised, and that the lands of Thomas P. Devereux were discharged from its payment, denying that the $150 annuity was a charge on those lands, but upon the house and lot in Chapel Hill, which sold for only $45, and the slaves, which it is alleged were not sold by Thomas P. Devereux, but lost by the result of the war, &c.

It was thereupon agreed by the parties to waive the taking of the account ordered by the mandate of this court, and that " the balance charged on the land of Thomas P. Devereux, and which Mrs. Frances Devereux had not disposed of during her life, and which by her will she appointed to her executors, was on the third (3d) of June, 1849, the date of her death, the sum of ($21,527.67) twenty-one thousand five hundred and twenty-seven dollars and sixty-seven cents."

The facts in regard to the legacy of $7,500 to Thomas P. Devereux in trust, and the interest therein of Louisa N. Taylor, were also agreed upon.

It was further agreed that a certain account D, theretofore taken, of the general personal assets of Frances Devereux, filed at June term, 1874, was correct, except that the assignees in bankruptcy insisted on an exception, to the extent that Thomas P. Devereux is chargeable only with one-half the value of the slaves, being $9,995.50, with interest thereon to the amount of $9,823.57, instead of with the full amount charged; while the complainants insisted that the correctness of that account had been finally agreed to and settled at the June term, 1874, but that otherwise the account was in all respects correct.

At the November term, 1879, the final decree was made, from which the present appeal is taken. The first seven of the

declarations in that decree specifically follow the mandate this court, and the agreement of the parties as to the state of the accounts, overruling the exception of the assignees in bankruptcy to the account D, which charged Thomas P. Devereux with the value of all the slaves which came to his hands after the death of Mrs. Devereux; and in this, we think, there is no error.

The decree then proceeds as follows:

"8. It is further declared that the said Thomas P. Devereux never raised and appropriated the $7,500.00 appointed to him in trust by the will of the said Frances out of his lands, conveyed to him by the aforesaid deed of July 3d, 1839, and that all the annuitants provided for by said appointment of $7,500.00 are dead or have abandoned their claims, except Louisa N. Taylor, who is still living; and that none of said annuities have been paid since the first day of January, 1863, except the annuity to the said Louisa N. Taylor, which was paid by said Thomas P. Devereux up to the 1st day of January, 1867; and the court doth declare that there is a resulting trust for one-third of said sum of $7,500.00, and interest thereon from the 1st day of January, 1863, to the plaintiffs, subject, however, to the said Louisa N. Taylor's claim for the value of her annuity of $50.00 per annum, one-third of which value falls upon the plaintiff's share of said resulting trust; which said claims of the said Louisa N. and the said plaintiffs are first liens upon the lands of the said Thomas P. Devereux or the proceeds thereof in the hands of the defendants, in the relative order in which said claims are last herein stated, and are to be first paid in full by the defendants with and out of the proceeds of said lands.

"9. It is further declared that the said Thomas P. Devereux, before November, 1852, purchased up all the other pecuniary legacies bequeathed by the will of the said Frances, and after said purchase, and before the day and date last aforesaid, converted to his own use all the general personal assets of the said Frances specified in section 7 of this decree as amounting, on the 31st day of May, 1868, to forty-one thousand six hundred and thirty-three dollars ($41,633.00), claiming the same to belong to him to satisfy the said pecuniary legacies and the aforementioned sum of $7,500.00; and the court doth declare that the annuity of $150.00

per annum bequeathed by the will of the said Frances to the said Louisa N. Taylor was and is a first lien on said sum of $41,633.00 of general assets, and ought to have been first paid thereout, and that the plaintiffs ought to have been paid one-third of said sum of general assets, subject to the burden of one-third of the annuity of $150.00 per annum to the said Louisa N. Taylor ; and that the said pecuniary legacies purchased by the said Thomas P. Devereux as aforesaid, and the aforesaid sum of $7,500.00, ought to have been paid out of the fund charged and appointed by the last will and testament of the said Frances Devereux on and out of the lands of the said Thomas P. Devereux, and the money to satisfy the same ought to have been raised on and out of said lands, and that said lands were exonerated from said burden by the use by the said Thomas P. Devereux, of the general personal assets aforesaid, whereby the plaintiffs have become entitled to have their aforesaid one-third of said general personal assets, burdened as aforesaid, paid out of the proceeds of said lands in the hands of the defendants, and the said Louisa N. Taylor has become entitled to have the value of her aforesaid annuity of $150.00 per annum paid to her out of the said proceeds of the said lands, and in preference to the said claim of the plaintiffs ; and it is declared by the court here that the last aforesaid claim of the said Louisa N. Taylor is a third lien upon the said proceeds of lands in the hands of the defendants, and the last aforesaid claim of the plaintiffs is a fourth lien on the same, and that both of said claims are to be paid by the defendants out of said proceeds in the relative order in which the same are next hereinbefore stated in full, if the said proceeds shall be sufficient to pay both of the same in full, and if not sufficient then the claim of the said Louisa N. is to be paid in full, and the claim of the plaintiffs shall be paid as far as said proceeds shall extend to satisfy the same.

"10. All the parties, plaintiff and defendant, having at June term, A. D. 1879, of this court filed an agreement in writing waiving any further account, and ascertaining the balance charged on the lands of Thomas P. Devereux for the benefit of Frances Devereux at the date of her decease, in the words and figures following, to wit :

" 'In this cause the mandate from the Supreme Court of the U. S. is filed, and to avoid the expense and delay incident to taxing the account ordered and directed herein by the decision

and decree of said court, and because from the accounts already heretofore taken in this cause the parties are able to ascertain by agreement all the results necessary for the final determination of this cause, without the new accounting directed by said decree of supreme court, by consent of all the parties, plaintiff and defendant, herein, all further account herein is waived, and it is agreed that the balance charged on the land of Thomas P. Devereux, and which Mrs. F. Devereux had not disposed of during her life, and which, by her will, she appointed to her executors, was on the 3d day of June, 1849, the date of her death, the sum of twenty-one thousand five hundred and twenty-seven dollars and sixty-seven cents ($21,527.67).'

"11. And the said Louisa N. Taylor having, at June term, 1879, of this court filed a petition to be made a party to this cause and to assert her rights in the premises, and having at said term, by the consent of all the parties, plaintiff and defendant herein, been made a party hereto, and it appearing to the court that said Louisa N. Taylor, on the 26th of March, 1869, before the register in bankruptcy proved and filed her claim on account of the legacy hereinbefore named against the estate of said bankrupt, Thomas P. Devereux, as a debt secured by lien on the lands of the said Thomas P. Devereux, to the amount of $2,926.12, with interest, and the plaintiffs having here in open court assented to the payment of said claim in the manner specified and directed in this decree, the court doth declare that there is now due to the said Louisa N. Taylor upon the $50.00 annuity, the sum of $1,196.45, with interest on $726.53, from Nov. 24th, 1879, and upon the $150.00 annuity, the sum of $3,413.40, with interest on $2,179.59, from Nov. 24, 1879, charged as hereinbefore declared.

"And thereupon, it being obvious to the court that a new reference and further account in the premises is entirely useless and unnecessary, it is finally ordered, adjudged, and decreed that the said Louisa N. Taylor recover of the defendants, William J. Hawkins and Walter Clark, assignees in bankruptcy of the estate and effects of Thomas P. Devereux, deceased, a bankrupt, and of the said Walter Clark and the defendant, Jno. Devereux, substituted trustees for Thomas P. Devereux, deceased, under the deed for the Pollock land, of July 3d, 1839, the sum of ($1,196.45) eleven hundred and ninety-six dollars and forty-five cents, with interest on $726.53 thereof, from 24th November, 1879, until paid,

to be paid and satisfied out of the proceeds of the sales of the said Pollock lands, in their hands, respectively, first, and in preference to all other claims against said proceeds; and that the plaintiffs, Grinfill Blake and Elizabeth J., his wife, and Jno. Townsend and Georgiana P., his wife, do recover of the said defendants, Hawkins, Clark, and Devereux, assignees and trustees as aforesaid, the sum of ($4,569.73) forty-five hundred and sixty-nine dollars and seventy-three cents, with interest on $2,468.34 thereof from the 24th November, 1879, until paid, to be paid out of said proceeds of said sales of said Pollock lands in their hands, respectively, and next in order of preference.

"And that the said Louisa N. Taylor do recover of the said defendants, Hawkins, Clark, and Devereux, assignees and trustees as aforesaid, the sum of ($3,413.40) three thousand four hundred and thirteen dollars and forty cents, with interest on ($2,179.59) twenty-one hundred and seventy-nine dollars and fifty-nine cents thereof from the 24th November, 1879, until paid, to be paid and satisfied out of said proceeds of said sales of said Pollock lands in their hands, respectively, and next in order of preference.

"And that the plaintiffs, Grinfill Blake and Elizabeth J., his wife, and Jno. Townsend and Georgiana P., his wife, do recover of the said defendants, Hawkins, Clark, and Devereux, trustees and assignees as aforesaid, ($21,200.46) twenty-one thousand two hundred dollars and forty-six cents, with interest on $13,877.66 thereof from the 24th day cf November, 1879, until paid, to be paid and satisfied out of the said proceeds of the said sales of the said Pollock lands in their hands, respectively, and in the event that said proceeds shall prove sufficient to pay and satisfy said last-mentioned sum in full, and if said proceeds shall not prove suf-ficient, then as far as said proceeds shall extend to satisfy the same.

"That the costs in this cause incurred, to be taxed by the clerk, be paid by the said defendants, assignees and trustees as afore-said, with and out of said proceeds of said sales of said Pollock lands in full and without reference to the satisfaction of the four foregoing sums adjudged to be paid out of such proceeds."

It is now objected to this decree that it is not warranted by the mandate of this court, in execution of which only it could be properly made; and that if the matters decreed were open under the mandate, they were adjudged erroneously.

It is said, in the first place, that it was error to permit Louisa N. Taylor to become a party and set up rights not embraced in the former decree. The obvious answer to this objection is, that it was done by consent of all parties, as appears by the record. And there is no ground on which the decree in her favor can be impugned. Her annuity of $50 per annum was expressly payable out of the legacy to Thomas P. Devereux in trust, in respect to which his assignee cannot be heard to say that his land has been relieved of the charge by which the fund was to be raised, when, in point of fact, the fund never has been raised. As to the annuity of $150, although payable out of a fund expressly designated, it was a demonstrative legacy, payable, in default of that fund, out of general assets, and entitled, therefore, to the benefit of the fund of $50,000, converted by the appointment into general personal estate, and, as part of that, chargeable on the land as hereafter shown. 2 Williams on Executors, Pt. 3, Book 3, ch. 2, § 3, p. 1160, 6th Am. ed. 1252.

It is next objected that the circuit court below erred in charging the amount found due to the appellees, as next of kin, entitled to share the undisposed residue of the estate of Frances Devereux, from the estate of Thomas P. Devereux, upon his real estate conveyed to him by his mother. It is claimed that this part of the decree is not justified by the mandate, and is erroneous on principle.

But this view, in our opinion, cannot be sustained. The very point of our former decision was, that the appellees were entitled to an account of the fund of $50,000, or so much of it as remained, as part of the personal estate of Mrs. Frances Devereux, by virtue of her will, construed as an appointment. The language of the opinion was, 98 U. S. 328:

"We conclude, therefore, that Mrs. Devereux's will was an execution of the power and an appointment of the fund to her executors. It converted the fund into her own estate, at least to the extent of $28,500, if there was so much of it remaining."

It is conceded that the proper amount of this fund, according

to the agreement of the parties, has been brought into account, and that the balance decreed in favor of the appellees is the true amount due to them from the estate of Thomas P. Devereux. This is so, because the personal estate of Mrs. Frances Devereux has been increased, in the account, by the addition of the balance of this fund, according to the mandate of this court.

But that fund is still uncollected and is a lien on the lands of Thomas P. Devereux in the hands of his assignees and trustees. Why should not security go with the debt? The debt is the principal and the security an incident, which necessarily attends it. It certainly was not the intention of this court, in its former order, to separate them. And when it reversed the decree of the circuit court in order to award to the appellees the benefit of the fund appointed by the will of Mrs. Devereux to become part of her personal estate, it meant also to give them the benefit of any security for its collection and payment that appointment furnished.

And that such security existed, by way of lien and charge upon the land, in virtue of the appointment, and inures to the benefit of the appellees, as entitled to share in the general personal estate of the testatrix, is necessarily involved in the former judgment of this court. For that judgment did not proceed, as seems to be claimed, on the ground that the appointment of that fund by the will was merely to the legatees, or to the use of the legatees under the will, so that when their legacies were satisfied, no matter by what means, the land was discharged of its lien. On the contrary, that judgment proceeded on the ground that the will was an appointment of what remained of the fund of $50,000 as a charge upon the land, to the executor of the testatrix, so as to convert that fund into part of the general personal estate of the testatrix, thereby subjecting it, as part of that estate, to the claims of all persons entitled to share in its distribution, it being the intention of the testatrix, as expressly deduced by this court from the provisions of the will, to provide a fund in the hands of her executors, in addition to the personal estate in possession, adequate to redeem the legacies given by the will, so as to exonerate that

estate from their payment. That fund was not a trust merely in aid of the general assets, to enable the latter to meet the payment of the legacies. That was the error of the circuit court in its first decree, for which it was reversed. It was, on the other hand, as declared by this court, "an appointment of the whole fund to the executors of the will, who took it under the appointment as part of the personal estate." And that means, just what the decree now under review declares, that it is appointed to be raised by a sale of the land on which it is charged, to be paid into the estate of the testatrix, for the purpose of being distributed to the appellees, as being the parties entitled.

Not only was this fund charged upon the real estate of Thomas P. Devereux appointed to his executors, so as to become part of the general personal estate of Mrs. Frances Devereux, so that in law the whole, including the undisposed-of residue, became liable to distribution as one trust fund for creditors, legatees, and distributees, in the order of legal priority, but that order of priority was changed by the will as declared by this court, so as to make the fund charged on the land and appointed by the will the primary fund for the payment of the legacies, so as to authorize those entitled to the general personal estate, as in this case, the next of kin entitled to the undisposed-of residue, to require that, for the purpose of paying the legacies, the specific fund charged on the land and appointed by the will should be first exhausted before resorting to the general assets of the testatrix. This court expressly so declared in its judgment on the former appeal. It said, 98 U. S. 327:

"Turning now to the will we have before us, two things are evident. The first is that the testatrix did not intend that the pecuniary legacies given for charitable purposes and to pay annuities should be satisfied out of her own personal property."

After specifying the disposition made of her personal estate in possession, the opinion proceeds :

"Thus it appears that while she gave pecuniary legacies

amounting in the aggregate to more than $28,500, she carefully withdrew from any positive application to their payment the personal estate she owned in her own right."

Notwithstanding this, Thomas P. Devereux, acting, though wrongfully, as executor of this will, and chargeable as such, appropriates the general personal estate to his own use, to reimburse himself the amount which he had expended in paying or purchasing the legacies; and thus charges them upon the general assets, in violation of the intention of the will and the rights of the parties who by law were entitled to share in that estate. Why are not the next of kin now entitled to stand in the place of those legatees, in respect to the fund out of which they should have been paid? Upon the familiar principle of marshalling assets by means of subrogation, when a party, having a right to resort to two funds, to the detriment of another, entitled to be paid out of but one, has been satisfied out of the latter, the fund thus exonerated will in equity be subjected to the payment of the postponed claim. This is such a case. For it is immaterial that Thomas P. Devereux did not use the specific property received by him out of the estate of Frances Devereux for the purpose of paying or purchasing the legacies entitled to payment out of the fund charged on his land, because he had received credit, with the assent of the parties and by the decree of the court, in his account of the general assets of that estate, for the amount paid by him on account of the legacies. How can he say, after that, that his real estate has been discharged of the lien by his payment of the legacies? The deficiency in the general personal estate thus created by him for the purpose of exonerating his land, is, in equity, something more than a personal claim against him. It is entitled to be supplied out of the securities that attended the claims which it was created to satisfy, and these securities are in equity considered as subsisting for that purpose. As against Thomas P. Devereux himself, if he were in being and in his own right defending against this claim of the appellees, the case would be too clear for argument. What greater rights have his assignees in bankruptcy, representing his general

creditors ?   They have come into possession of this real estate, but only with the title by which he held it, subject to the specific equity now asserted against it; and in their hands, as trustees, it must be held and applied to subserve the purposes to which in equity it is devoted.   Those purposes, in our opinion, are correctly set forth in the decree of the circuit court; and

*It is accordingly affirmed.*