## MERCHANTS' & MECHANICS' BANK OF COLUMBUS, GA., v. SEWELL.

### No. 6440.

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1932.

J. Madden Hatcher, of Columbus, Ga., for appellant.

Theo J. McGee, of Columbus, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

At the time of a bankruptcy adjudication in November, 1930, the bankrupts owed the Jefferson Standard Life Insurance Company a balance on a debt of $7,000, which was contracted in 1916 and was secured by a security deed on land of the bankrupts and by the assignment to the insurance company of two life insurance policies; and the bankrupts also owed the appellant a debt of $3,000, contracted in January, 1930, and secured by a second security deed covering the same land. Under each of the assignments of a life insurance policy the assignee, the insurance company, was authorized, in case of a default in the payment of the secured debt, to exercise any option which the insured or the beneficiary was entitled to exercise, including the surrender of the policy for cancellation and application of the cash surrender value toward the payment of the secured debt. In April, 1931, the insurance company filed with the referee an application for leave to exercise the power of sale in its security deed in order to realize the balance of its debt, $4,561. Leave to do so was granted by the referee, the order requiring the insurance company to account for any sums that might remain over and above the amount required to pay the secured debt and expenses of said sale. Following the filing of a report by the insurance company, the referee ruled that it be charged with the sum of $5,436, that being the aggregate of the proceeds of sale, $3,707, and the cash surrender values of the two life insurance policies, $1,729, and that it be credited the sum of $4,904.80, that being the aggregate of the amount of the balance owing on the secured debt and the expenses of the sale; and it was ordered that the insurance company pay to the trustee the balance, $531.16, and that the trustee surrender to the insurance company the two life insurance policies. After that order had been complied with, the appellant, on September 24, 1931, filed its petition claiming said sum of $531.16, and also the sum of

$132.40, the amount of rents from said land collected by the receiver and trustee after the filing of the bankruptcy petition, and prior to the sale of the land by the insurance company; that sum being less than interest accruing on the two debts against the land during the period it was held by the receiver and trustee. The referee disallowed the claims asserted, and that action of the referee was confirmed by the court.

When, following the bankruptcy adjudication, the property of the bankrupts, including the land covered by the two security deeds, came into the possession of the bankruptcy court, that court became vested with jurisdiction to cause such property to be reduced to money and distributed, and to determine controversies in relation thereto, and the extent and character of liens thereon or rights therein. Bankruptcy Act, § 2 (7), 11 USCA § 11 (7); Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157; Collier on Bankruptcy (1927 Ed.) 65, 66. The property is taken into custody in the condition in which it is at the time of the filing of the bankruptcy petition, subject to all existing valid liens thereon or rights therein. Pugh v. Loisel (C. C. A.) 219 F. 417. By claiming the above-mentioned sums, the appellant invoked the equitable doctrine of marshaling assets, which rests upon the principle that a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor, who may resort to only one of the funds (Sowell v. Federal Reserve Bank, 268 U. S. 449, 457, 45 S. Ct. 528, 69 L. Ed. 1041); the claim in effect being that the aggregate amount realized by the insurance company from the insurance policies which it held as security for its debt be first applied on that debt; that only so much of the proceeds of the sale of the land as was required to pay the balance of that debt and the expenses of the sale be so applied; and that the excess be applied on the debt to the appellant, which was secured only by the security deed to it covering the same land. In argument in behalf of the appellee it was contended that at the time appellant made his application his asserted right to have assets marshaled did not exist, because at that time there was no longer two funds, as the proceeds of the sale of the land had been entirely consumed, and the cash surrender values of the policies had been partly consumed, and the balance had been paid to the trustee. The jurisdiction of the court to determine controversies in relation to the land covered by the two security deeds, and the extent and character of liens thereon or rights therein, was not exhausted by the order granting leave to the insurance company to exercise the power of sale contained in its security deed, the insurance company being required to report its action under the order made on its application. An effect of the sale made in pursuance of the leave granted was to reduce to money property in possession of the court. That money, like the land from the sale of which it was realized, was subject to be administered by the court, which was vested with jurisdiction to determine asserted rights therein. The order by which the insurance company was granted leave to exercise the power of sale contained in its security deed did not prescribe the order in which the funds available to the insurance company should be applied on its debt, and there is nothing to show that the insurance company had or indicated any choice as to the order in which those funds were to be applied. Even if the insurance company itself had first applied on its debt the proceeds of the sale of the land and then had applied only so much of the surrender value of the insurance policies as was required to pay the balance of that debt and the expenses of the sale, so much of the proceeds of the sale of the land, which were still subject to the orders of the court, as was left, after applying on that debt the amount realized by the insurance company from the insurance policies held by it as security, would have remained subject, by subrogation, to be applied on appellant's debt. Hawkins v. Blake, 108 U. S. 422, 435, 2 S. Ct. 804, 27 L. Ed. 775; 18 R. C. L. 467. At the time the appellant's application was made, the insurance company then being subject to the court's orders with reference to the application to its debt of the funds applicable to the payment of it, and the proceeds of the sale of the land then being subject to the court's orders, it was in the power of the court to enforce the equitable right of marshaling assets without impairing the rights of the doubly secured creditor. Scruggs v. Memphis & Charleston R. Co., 108 U. S. 368, 2 S. Ct. 780, 27 L. Ed. 756; 18 R. C. L. 467. As the insurance company had security for its debt in addition to the land, which also alone stood as security for the debt to appellant, such a state of facts existed as ordinarily calls for the application of the equitable doctrine of marshaling assets. In the administration and distribution of the bankrupt's estate the bankruptcy court applies

equitable principles. Nisbet v. Federal Title & Trust Co. (C. C. A.) 229 F. 644; Collier on Bankruptcy (1927 Ed.) 26. We conclude that appellant's interest in the proceeds of the sale of the land was such that, in the circumstances disclosed, it equitably was entitled to have the sum realized by the insurance company from the life insurance policies held by it as security first applied on the latter's debt, with the result that the balance paid into court by the insurance company was part of the proceeds of the land, and was applicable on the debt to appellant.

Successive Georgia decisions show that it is an established rule in that state that after a debtor's insolvency a creditor holding a mortgage or security deed covering his land has, if the proceeds of the sale of the land are insufficient to pay the secured debt, an equitable right to have the rents and profits realized from the land after the debtor's insolvency applied on the secured debt. Hart v. Respess, 89 Ga. 87, 14 S. E. 910; Dawson v. Equitable Mortgage Co., 109 Ga. 389, 34 S. E. 668; Wilkins, Neely & Jones v. Gibson, 113 Ga. 31, 57, 58, 38 S. E. 374, 84 Am. St. Rep. 204; Dixon v. Tucker, 167 Ga. 783, 146 S. E. 736. That Georgia rule of property should be followed by a court of bankruptcy which administers land of a bankrupt located in that state. In re Torchia (C. C. A.) 188 F. 207; Bindseil v. Liberty Trust Co. (C. C. A.) 248 F. 112. It follows that appellant was entitled to have applied on its debt the amount of the rents from the land which accrued after the bankruptcy and were collected by the trustee in bankruptcy.

The rulings complained of being erroneous, the judgment or decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.