The Honorable Nancy Kelley Wittenberg Secretary, Department of Professional Regulation
QUESTION:
May a Savings and Loan Association and/or banking institution, upon a real estate broker's bankruptcy proceedings, freeze the broker's trust/escrow account pending determination of the bankruptcy litigation?
SUMMARY:
Real estate broker trust or escrow accounts or deposits authorized and required by ch. 475, F.S., and the implemental rules of the Board of Real Estate may not, except in those circumstances specified therein, convey any legal or equitable interest to a real estate broker, and therefore might not become property of the bankrupt estate under 11 U.S.C. § 541(a)(1) and would therefore not be subject to the automatic stay provision of11 U.S.C. § 362(a)(3). However, if by the express agreement or order of the depositor or the existence of some lawful set-off or counterclaim due to the broker as against the person entitled to the funds, the broker has obtained a legal or equitable interest in the trust or escrow account or deposit, then to that extent the escrow deposit or a portion thereof would appear to be property of the bankrupt estate and subject to an automatic stay applicable to all entities of any act to obtain possession of the property of the bankrupt estate. Any such stay would effectively operate to `freeze' such moneys in the broker's trust or escrow account as against all claimants to the extent of the interest of the bankrupt broker therein. The Florida Board of Real Estate is not statutorily empowered to make such determinations, but rather this appears to be a federal question to be determined on a case by case basis by the federal bankruptcy courts.
Your inquiry indicates the absence of, and my search fails to unearth any Florida legislation or administrative rules regulating savings and loan associations and banking institutions with respect to the subject of your question. This office is, of course, without authority to `legislate' any such regulations. Neither may I pass upon the legality of the practices of such financial institutions, many of whom are regulated by federal law and regulations of federal agencies, nor the practices of federal courts and officials under the federal bankruptcy law. The Florida statutes and rules of the Board of Real Estate to which you have made reference may validly regulate Florida real estate brokers, their practices, accounting procedures and trust or escrow accounts; but such statutes and rules may not and do not purport to regulate the affected financial institutions or depositories. The Board of Real Estate possesses no statutory jurisdiction over these financial institutions or depositories or their practices in connection with the trust or escrow accounts and deposits which the law and administrative regulations require real estate brokers to maintain and account for. In these circumstances I am unable to render any definitive legal opinion on the issues presented by your question or, absent any legislative or judicial direction, on any question of Florida or federal law pertaining to any existing official duty or responsibility of the Board of Real Estate or the Department of Professional Regulation in this regard. However, in an effort to provide some guidance to the Board of Real estate, I have researched the federal bankruptcy law and will provide the following general guidelines based upon the existing statutory and decisional law.
Two provisions of the federal Bankruptcy Code,11 U.S.C. § 541(a)(1) and 11 U.S.C. § 362(a)(3) (1978), may affect the statutorily authorized trust or escrow accounts of real estate brokers in Florida. Briefly, s. 541(a)(1) defines the property which is included in the estate of a bankrupt debtor as `all legal or equitable interest of the debtor in property as of commencement of the case.' Section 362(a)(3) then provides that an initial bankruptcy petition, when filed, `operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or of property from the estate.' Since the Bankruptcy Code provides no rules for determining the extent or character of a debtor's interest in property, state statutory and decisional law must be scrutinized to determine whether a bankrupt debtor has such a legal or equitable interest in any given property as to require the property to be included in the bankrupt debtor's estate under s. 541(a)(1). In Re Fox, U.S. Bankruptcy Ct. (N.D. Tex 1980).
Sections 475.25(1)(d) and (k) and 475.452, F.S., are the statutory provisions that require licensed real estate brokers to follow certain procedures when receiving and holding escrow deposits and advance listing fees, and that provide penalties for the licensee's failure to comply with those procedures. Escrow accounts are not further defined in ch. 475, F.S., but under general Florida case law, an escrow agent has control over a money deposit and acts as trustee for the parties to the escrow agreement. Chace v. Johnson, 123 So. 519 (Fla. 1929). However, the title to money deposited in escrow remains in the depositor. 22 Fla.Jur.2d Escrow s. 7, p. 223. Rule 21V-14.11, F.A.C, is entitled `Rights of Broker in Deposits' and states, in part, that a broker has no right to or lien upon a deposit except by written agreement or order of the depositor so long as the depositor has sole control of the deposit. Rule 21V-14.13, F.A.C, authorizes a broker to deduct from an escrow deposit at the time of delivery to another person, any lawful set-off or counterclaim as may at that time be due and owing to him by the other person entitled to receive the funds. Thus, under this analysis of Florida law, a real estate broker has mere possession without legal title of an escrow money deposit as a trustee and does not have an interest in the deposit unless the depositor has expressly agreed or ordered such an interest to be created (Rule 21V-14.11), or some lawful set-off *3554 or counterclaim is due the broker (Rule 21V-14.13).
Therefore, s. 541(1)(a) would seem to operate on a bankrupt Florida real estate broker's escrow account so as to require that any interest which the broker obtained in an escrow deposit by such express agreement or order of the depositor, lawful set-off or counterclaim would become property of the bankrupt estate and subject to the federal bankruptcy law and courts. The automatic stay provision of s. 362(a)(3) would then effectively create a `freeze' on a bankrupt broker's escrow account as against al claimants to the extent of the interest of the bankrupt broker in the escrow deposits therein, regardless of the type of financial institution of depository in which the account is held or placed.
On the other hand, if a broker has not obtained a legal or equitable interest in such deposit pursuant to an express agreement, order of the depositor, lawful set-off or counterclaim, then the broker has mere possession without legal title of an escrow money deposit as trustee. A long established principle under the predecessor bankruptcy act, 11 U.S.C. § 70 (1976), states that funds held in trust for another by a bankrupt debtor are immune from the claims of general creditors so long as the funds can be traced. Hawkins v. Blake, 108 U.S. 422, 435-36,2 S.Ct. 804, 27 L.Ed. 775 (1882); restated in Selby v. Ford Motor Company, 590 F.2d 642 (6th Cir. 1979). Under the predecessor act, property held by a bankrupt debtor in trust belonged to the beneficiary and never became a part of the bankruptcy estate. Elliott v. Bumb, 356 F.2d 749 (9th Cir. 1966). Also, under the predecessor act, statutorily created trusts were not treated as the property of the bankrupt trustee's estate. In Re Frosty Morn Meats, 7 Bankruptcy Rptr. 988 (M.D.Tenn. Nov. 25, 1980); Selby v. Ford Motor Company, supra. In Selby, the court reviewed an attempt to recover funds paid to subcontractors as property of the estate of a bankrupt Michigan building contractor. A Michigan statute specifically designated any funds paid to a contractor by an owner as trust funds and the contractor was designated as trustee of such funds. The court found that the builder trust fund statute was framed for legitimate reasons of state law, and not to undermine the Bankruptcy Act, and the beneficial interests in the funds in favor of the owner and others should not be regarded as the property of the bankrupt contractor, at least so long as the beneficial interests could be traced. The court in Selby applied the predecessor bankruptcy act, but relied in part on the legislative history of the new Bankruptcy Code and stated affirmatively that the legislative purpose of s. 541 was clear that statutorily created trust funds are not the property of the bankrupt debtor. Selby, supra, p. 649.
However, when the new Bankruptcy Code was applied in circumstances where the bankrupt debtor was a trustee of property, a somewhat different result occurred. In Re Wyatt, 6 Bankruptcy Rptr. 947 (U.S. Bankruptcy Ct. E.D. N.Y. 1980). In Wyatt, the bankrupt debtor held bare legal title to property under a constructive trust, so the property did become part of the estate under s. 541(1)(a), and subject to the automatic stay provision of s. 362. The Wyatt court stated that:
 where the debtor holds bare legal title to property without any equitable interest or holds property in trust for another, only those rights which the debtor would otherwise had [sic] emanating from such interest pass to the estate under s. 541. Id. at 953.
Wyatt indicates a change under the current Bankruptcy Code toward inclusion of property held by the bankrupt in trust in the estate of the bankrupt, whereas Selby urges continued treatment of statutory trusts as excluded from the property of a bankrupt estate. It appears, though, that the escrow or trust accounts of Florida real estate brokers or any interest of the broker therein may become property of the bankrupt broker's estate under some, but not all circumstances, as outlined above. However, the determination appears to be a federal question to be decided on a case by case basis by the federal bankruptcy courts and officials.
A note should be made of a possible, but untested application of s. 362(a)(3) to broker held escrow deposits, even when the broker has obtained no interest therein. The legislative history of this section contained in the House Judiciary Report explains the phrase `property from the estate' as property over which the estate has control or possession. However, no case law has as yet developed which applied this particular clause to the circumstances of a statutorily created trust held without legal title.
Prepared by: Linda A. Lawson, Assistant Attorney General