

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2008

# Mendoza v. Meisel

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4627

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mendoza v. Meisel" (2008). *2008 Decisions.* Paper 1413.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1413

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-132                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4627
_____

HIGINIO MENDOZA,
                                        Appellant,

v.

WILLIAM MEISEL, Brentwood Police Officer;
GERALD MIKELENIS, Brentwood Police Officer

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 07-cv-00723)
District Judge:  Honorable David S. Cercone

_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2008

Before:    BARRY, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>.

(Opinion Filed: March 19, 2008)

_____

OPINION

_____

PER CURIAM

Appellant, Higinio Mendoza, proceeding pro se and in forma pauperis, appeals

from the District Court's order dismissing his civil rights complaint for failure to state a

claim. For the following reasons, we will dismiss the appeal pursuant to 28 U.S.C. §

1915(e)(2)(B).

This case arises from several motor vehicle convictions entered against the

Appellant which he alleges were the result of harassment, racial profiling and retaliation

by the Brentwood Police Department. Mendoza filed a complaint seeking damages to

compensate for loss of employment due to the suspension of his driving privileges, in

alleged violation of his equal protection and due process rights pursuant to 42 U.S.C. §

1983. He further requests that his driver's license be returned to him and that his driving

suspension and traffic citations be overturned. Mendoza also requests a hearing in federal

district court to establish that his due process rights have been abridged as the result of his

convictions for traffic offenses.[1] He claims that unidentified court transcripts and audio

_____

[1] On May 24, 2007, Mendoza was ticketed for "driving while operating privilege is suspended or revoked" in violation of 75 Pa. C. S. § 1543. At that time he signed an acknowledgment that his license had been surrendered as a result of a prior suspension. Appellant apparently has a history of driving while his driver's license is suspended, dating back to at least February 5, 1998. See Mendoza v. Larotonda, 2:07cv210, Doc. No. 1-2 at p.4

2

and visual materials support his view that the series of tickets he received constitute evidence of racial profiling and that these materials will demonstrate "the pattern/s, or discrepancies, and inaccuracies that took place."

The District Court dismissed Mendoza's case under 28 U.S.C. § 1915(e)(2)(B)(ii).[2] The District Court reasoned that Mendoza is barred from asserting a § 1983 claim until the convictions on his challenged motor vehicle offenses are set aside or have otherwise terminated in his favor. See Heck v. Humphrey, 512 U.S. 477, 486 (1994) (§ 1983 damages actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement). Mendoza filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a dismissal under 28 U.S.C. § 1915(e)(2)(B), see, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and conclude that Mendoza's appeal fails because it is "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

We disagree with the District Court that Heck applies to a case such as Mendoza's. Heck does not bar a § 1983 claim where the plaintiff is unable to challenge his conditions of confinement through a petition for federal habeas corpus. Leather v. Eyck, 180 F.3d

---

[2] The Court conducted a two-step analysis to determine whether to direct service of the complaint, because Mendoza sought to proceed in forma pauperis. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The Court found Mendoza to be without sufficient funds to pay the required filing fee and granted him leave to proceed in forma pauperis.

3

420, 424 (2d Cir. 1999).  Because Mendoza was never incarcerated, or otherwise in custody, federal habeas relief has never been available to him and, therefore, Heck cannot apply.  Id.  However, we may affirm the District Court on any ground supported by the record.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Mendoza has failed to state a claim that contains even an arguable basis in law for violations of either the Due Process Clause or the Equal Protection Clause against either defendant.  "[T]o sustain a § 1983 claim based upon a violation of procedural due process [a plaintiff] must, at a minimum, prove recklessness or 'gross negligence' and in some instance may be required to show a 'deliberate decision to deprive' the plaintiff of due process."  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1277 (3d Cir. 1994), citing Daniels v. William, 474 U.S. 327, 333-34 (1986).  Mendoza has not alleged any facts to support an intentional or reckless deprivation of due process.  However, even if he did and the Commonwealth of Pennsylvania had no legal basis for suspending his license, Mendoza had various remedies that he could have pursued to retrieve his license, including an application for reinstatement.  "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Bell v. Burson, 402 U.S. 535 (1971) (suspension of a driver's license implicates a protectible property interest).  Moreover, Mendoza does not claim to have

4

been denied a hearing to challenge the suspension of his license; rather, he alleges that the loss of his license caused him economic hardship. Such an allegation is not sufficient to constitute a Due Process violation. The Due Process Clause is satisfied if, "when a State seeks to terminate an interest such as [an individual's drivers' license and registration]," it affords "'notice and opportunity for [a] hearing appropriate to the nature of the case' before the termination becomes effective." Bell, 402 U.S. at 542. Mendoza does not allege he was denied such an opportunity.

Mendoza also fails to allege or provide any evidence that he was treated differently from other people who are similarly situated, which is necessary to state an equal protection claim. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985); Keenan v. City of Phila., 983 F.2d 459, 465 (3d Cir. 1992). Accordingly, his equal protection claim must also be dismissed.

Mendoza's retaliation claim likewise lacks merit. Retaliation for the exercise of constitutionally protected rights is itself a constitutional violation. White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); see also Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000) ("[G]overnment actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right."). However, Mendoza has failed to allege facts demonstrating a causal link between his constitutionally protected conduct of filing a lawsuit, and the traffic citation he received on May 24, 2007.

5

For the foregoing reasons, we conclude the appeal is meritless and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).