### HACKENSACK BRICK COMPANY

*v.*

### MAYOR AND COUNCIL OF THE BOROUGH OF BOGOTA et al.

[Submitted March 29th, 1916.    Decided May 4th, 1916.]

1. Where a contractor defaults, and his sureties complete the contract, they are entitled to be subrogated to the rights of the owner against the contractor, and against persons furnishing materials to the original contractor, to the extent necessary to reimburse them for their necessary outlay.

2. The right of subrogation does not depend on any privity of contract, but is independent of any agreement, and rests upon principles of natural justice and equity.

3. Where the indemnitor of a surety on a contractor's bond completed the contract after a breach by the contractor, either or both surety companies were subrogated to the rights of the borough against the contractor, with a right paramount to that of a materialman under a lien, in money retained on the contract price, since a surety who has paid or fulfilled the obligation has the same equity of subrogation as the surety to whom he was bound, and it is immaterial what instrumentalities a surety makes use of to fulfill its obligation.

---

Heard on bill, answers, cross-bill and proofs.

*Messrs. Mackay & Mackay,* for the complainant.

*Messrs. Wilson & Smock,* for Asbury Park Trust Company.

*Messrs. James & Malcolm G. Buchanan,* for Sessions Foundry Company.

*Messrs. Enright & McDermott,* for United States Fidelity and Guaranty Company, and Massachusetts Bonding and Insurance Company.

FOSTER, V. C.

On March 20th, 1914, Thomas G. McGovern entered into a contract with the borough of Bogota for the construction of sewers and sewer disposal works for the borough. This action is brought to enforce a municipal lien for materials furnished by complainant to the contractor and used in the work.

McGovern, to secure the performance of this contract, gave a bond to the borough in the sum of $22,000, with the Massachusetts Bonding and Insurance Company (hereinafter referred to as the Massachusetts company) as surety, and about the same time, at the request of this company and McGovern, the United States Fidelity and Guaranty Company (hereinafter referred to as the United States company) became the indemnitor of the Massachusetts company.

Some time prior to September 24th, 1914, McGovern aban-

doned the work, and the borough council thereupon took action, by resolution, directing its sewer committee to have the contract completed. The Massachusetts company was duly notified of this action and it in turn notified the United States company, and this company sent notice to McGovern of the borough's action. McGovern paid no attention to this notification, and the borough through its engineer, at the request of the Massachusetts company, then made arrangements with the United States company to complete the contract. Bids were requested by the United States company from contractors recommended by the borough engineer, and the contract to complete the work was awarded to the lowest bidder. The total cost to the United States company to complete the contract was over $22,000. It received from the borough, on account thereof, $12,444.20, being the balance due on the McGovern contract, and this company lost in completing its work and in fulfilling the condition of the bond given to the borough by McGovern and the Massachusetts company over $10,000.

Under the contract with McGovern the borough retained fifteen per cent. of the amount of each estimate of its engineer, and the borough admits having in its control $622.95 from the percentages thus retained. By the terms of the contract the borough had the right in the event of the abandonment of the work by the contractor to complete the same and to use and apply, as far as necessary, the amount of the retained percentage for that purpose.

Notices of lien claims aggregating over $1,500 have been filed by the complainant and some of the defendants with the borough officials, and the contention is made that the lien claimants are entitled to have the $622.95 retained by the borough paid to them on account of their claims, in preference to the claim to this fund made by one or both of the surety companies. This contention is based on the ground that there is no privity of contract between the United States company and McGovern, or between this company and the borough, and that in the absence of such privity, the United States company is not entitled to be subrogated to the rights of either McGovern, the borough or the Massachusetts company to the moneys retained. It is con-

ceded that the borough, by the terms of the contract and also the Massachusetts company, as surety on McGovern's bond, each had the right to resort to this fund so far as necessary for the purpose of reimbursement for completing the contract after McGovern had abandoned it, and it is not disputed that the amount of money retained, and many thousands of dollars in excess of it, were required to complete the work contracted for, and that such excess was paid by the United States company, and it is also undisputed that both McGovern and the Massachusetts company assigned to the United States company all their respective rights in all deferred payments and retained percentages, and all money that might be due either of them on the contract at the time of any default therein. And it further appears that during the progress of completing the contract, the borough paid the United States company, at its request, and at the request of the Massachusetts company, the same payments on monthly estimates that McGovern would have been entitled to receive had he continued the work.

The question to be determined is whether the Massachusetts company performed its contract of suretyship with the borough by completing the contract when the contractor abandoned the work, and thereby became entitled to be subrogated to the rights of the borough, as owner, to the funds retained by it. Under the established facts, I think this question must be answered affirmatively. When a contractor defaults and his sureties complete the contract they are entitled to be subrogated to the rights of the owner against the contractor, and against persons furnishing materials to the original contractor, to the extent necessary to reimburse them for their necessary outlay and no further. *Union Stone Co.* v. *Freeholders of Hudson County, 71 N. J. Eq. 657.* The contention is made, however, that the work was actually completed by the United States company, and not by the Massachusetts company, and that as there was no privity between the borough and the United States company, the relation of suretyship did not exist between them, and that therefore the principle of subrogation does not apply.

The right of subrogation does not depend on any privity of contract; it is independent of any agreement and rests upon

principles of natural justice and equity. *Sheld. Subr.* (*2d ed.*) *4; Stearns Sure.* (*2d ed.*) *427; 27 Am. & Eng. Encycl. L. 203.*

The right of one or both surety companies to the funds in the borough's control must be regarded as paramount to that of the lien claimants, whether the United States company is considered to have acted as agent for the Massachusetts company or independently of such agency. A surety who has paid or fulfilled the obligation has the same equity of subrogation as the surety to whom he was bound. *Pin. S. & G.* § *165; Rittenhouse* v. *Levering, 6 Watts & S.* (*Pa.*) *190; Pom. Eq. Jur. 1474.* The situation is not altered by the fact that in performing its obligation and completing the contract the Massachusetts company made use of the agency of the United States company for the purpose. It is immaterial what instrumentalities the surety made use of to fulfill its obligation. The condition of the obligation of the Massachusetts company to the borough was that if the contractor did not complete the work, and if the surety did not complete it in the event of his default, that then the surety would pay such damages to the borough as it might suffer by reason of such default.

When the contractor abandoned the work the borough called on the Massachusetts company to complete it, and this company in turn called on its indemnitor, the United States company, to complete the contract. The United States company did so, as the representative of the Massachusetts company, and the Massachusetts company thereby fulfilled its obligation to the borough and was entitled to be subrogated to the rights of the borough in the money retained on the contract, to reimburse it as far as it would go for the expense it incurred through its agent in completing the contract. The borough has no further claim against the surety, the Massachusetts company, this company having done through the agency of the United States company all it had agreed to do.

If there were a conflict between the surety companies over this fund and it became necessary so to do, there is ample authority to justify the finding that the United States company on completing the work as the indemnitor, or surety of the Massachusetts company, the immediate surety is entitled to the

same equity of subrogation to the funds in question as the Massachusetts company. *Sheld. Subr. § 106, &c.* There is no controversy, however, between the surety companies. They have made themselves parties to this action, and by their joint cross-bill they ask that the moneys retained by the borough be paid to them or either of them.

And as no sufficient reason has been suggested why this should not be done, a decree will be advised that the funds retained under the contract and in the control of the defendant, the borough of Bogota, should be paid to the Massachusetts company.