## CATO et al. v. JEFFREYS.

### No. 3819.

Court of Civil Appeals of Texas. Amarillo.

May 18, 1932.

Pardue & Harrelson, of Lubbock, for appellants.

B. P. Maddox, of Tahoka, for appellee.

MARTIN, J.

Appellants brought suit against appellee as indorser on five promissory notes. Each of these notes contains the following clause: "We, the makers, sureties, guarantors and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note."

Appellants' second amended original petition sets out these notes in hæc verba, and in addition they specially pleaded that presentment for payment and protest had been expressly waived by defendant. During the trial of the case, appellants offered to prove the cause of action pleaded by the introduction of the said notes, to which an objection was interposed, "for the reason that there was no evidence showing that said notes were ever presented for payment." This objection was sustained, and, plaintiffs being without evidence to sustain the cause of action pleaded, a judgment was entered by the trial court for the defendant, from which judgment this appeal was prosecuted.

The action of the court in refusing to admit the said notes in evidence is the only error brought forward in the record which we think is necessary to decide on this appeal.

■ The waiver above recited was embodied in the instruments themselves, and was binding upon the indorser, appellee herein. Article 5938, § 110, R. S. 1925; Sowell v. Federal Reserve Bank, 268 U. S. 449, 45 S. Ct. 528, 69 L. Ed. 1041.

While an indorser is only secondarily or contingently liable, and this liability must be shown by allegation and proof of the existence of certain facts prescribed by law, these conditions precedent to fix liability may be waived. Article 5937, § 82, R. S. 1925; Wardlaw v. Farmers' & Merchants' Bank Co. (Tex. Civ. App.) 34 S.W.(2d) 419.

■■ The very matters urged as an objection to the admissibility of the notes in question shows both in appellants' pleading and in the face of the notes to have been expressly waived. It could not, therefore, have been necessary for the plaintiff to make proof of that which the defendant by his contract had waived and made unnecessary. It is argued by appellee in his brief that, since the notes did not expressly waive demand for payment, it was necessary as a condition precedent for recovery by appellants to allege and prove such demand. It would, it seems, be a sufficient answer to this contention to say that no such objection as this appears in the bill of exception presenting the matter. However, we think that a demand for payment is included within either a protest or a presentment for payment. Protest or presentment for payment implies a demand for payment. This would seem to follow from the provisions of the Negotiable Instruments Act respecting these two matters. See, also, Sydnor et al. v. Gascoigne, 11 Tex. 449; Commercial National Bank v. Sanders, 136 La. 226, 66 So. 854.

If the presentment for payment and protest have been waived by appellee, a demand for payment, which seems to be included within these, is likewise waived. The court should have admitted the notes, and under the record shown here rendered judgment for appellants.

For the error discussed, the judgment is reversed, and the cause remanded.