RECONSTRUCTION FINANCE CORPORATION v. MARKS et al.

No. 140-C.

District Court, N. D. West Virginia.

Dec. 19, 1941.

478

John S. Stump, Jr., and Ray Ash, both of Clarksburg, W. Va., for plaintiff.

Charles C. Scott, Clarence Rodgers, and Haymond Maxwell, Sr., all of Clarksburg, W. Va., for defendants.

HARRY E. WATKINS, District Judge.

Plaintiff has instituted this action to recover a balance of $35,720.83, exclusive of interest and costs, upon the negotiable note of defendants, payable to the West Virginia Bank, of Clarksburg, W. Va., and assigned by the bank to plaintiff as collateral to secure a loan made by plaintiff to the bank. The complaint alleges that the plaintiff is a corporation organized and existing under the laws of the United States; that the United States owns all of its capital stock, and that it is an agency and instrumentality of the United States; and that the action arises under the laws of the United States.

The answer, among other things, sets up the following defenses: (1) Plaintiff is precluded from maintaining this suit in a federal court by the so-called "assignee clause", 28 U.S.C.A. § 41(1), pertaining to the rights of assignees to invoke the jurisdiction of federal courts; and (2), that defendants are entitled to recoup in this action the sum of $3,573.61, the difference between four per cent and six per cent interest upon the note sued upon. It is claimed that since the R. F. C. has made loans direct to others at four per cent, it can not collect more than that amount of interest on this six per cent interest note which it holds as assignee. The plaintiff has moved to strike both of these defenses under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The pertinent portion of the so-called "assignee clause", 28 U.S.C.A. Section 41(1), reads as follows: "The district courts shall have original jurisdiction as

follows: (1) First. Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, * * * or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000 and (a) arises under the Constitution or laws of the United States * * *. No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made." It has been repeatedly held that this "assignee clause" is not applicable where the United States or an agency thereof is plaintiff. United States v. Green, 26 Fed.Cas. 33, 4 Mason 427; Federal Reserve Bank of Dallas v. Webster, D.C., 287 F. 579, 581; United States v. Conti, D.C., 27 F.Supp. 756; Sowell v. Federal Reserve Bank of Dallas, 268 U.S. 449, 45 S.Ct. 528, 529, 69 L.Ed. 1041. In the Sowell case, last cited, Mr. Justice Stone, speaking for the Supreme Court, said: "Suit being brought by a federal reserve bank, incorporated under the laws of the United States, it is a suit arising under the laws of the United States." * * * Referring to the so-called "assignee clause", Justice Stone further states "It is unquestioned that where the sole ground of jurisdiction is diversity of citizenship, such jurisdiction is excluded by the operation of this clause, and the question now presented is whether the clause has a like effect where the sole ground of jurisdiction is that the suit arises under the laws of the United States. * * * The history of the clause, however, shows clearly that its purpose and effect, at the time of its enactment, were to prevent the conferring of jurisdiction on the federal courts, on grounds of diversity of citizenship, by assignment, in cases where it would not otherwise exist, and not to deprive the federal courts of jurisdiction where it was conferred on grounds other than diversity of citizenship." Since jurisdiction is not based upon diversity of citizenship, the "assignee clause" is not applicable here.

The second defense amounts to the proposition that since the R. F. C. has charged only four per cent interest on other loans made to other people, that it is not entitled to collect six per cent interest, the legal rate of interest written into the note by West Virginia law.

It is said that the collection of six per cent interest upon this obligation would violate Article 4, Section 2 of the Federal Constitution, providing as follows: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States"; and would also violate the due process clause of the Federal Constitution, Amend. 5. No authority has been cited by the defendants in support of this novel and ingenious contention. Defendants even go so far as to claim recoupment for the sum of $778.27, the same representing the difference between four and six per cent interest on the sum of $13,000 paid by defendants to the plaintiff upon note of an entirely different person, Clarksburg Poster Advertising Company, a corporation. Under the law of West Virginia the latter note bore six per cent interest after maturity. It is claimed that since six per cent interest was collected upon such note by the R. F. C. at a time when it loaned money direct to other persons at four per cent, that it could not legally collect more than four per cent interest on this obligation, and that defendants are entitled to recoup for the overpaid interest on that note in this action.

In my opinion, there is no merit to this contention, and neither of the constitutional provisions are applicable. Neither do I believe there is anything inequitable in the collection of interest at the rate written by law of West Virginia into the contracts executed by the defendants. On the contrary, it would seem inequitable to the West Virginia Bank, the payee and assignor of this note, for a different rate of interest to be enforced.

The motion to strike the entire answer is overruled, but the motion to strike the two defenses hereinbefore discussed, as contained in Paragraphs V, V-A, V-B, V-C, VI and VII of the answer is sustained.