Joseph A. Cox, S.
In this discovery proceeding the sole surviving executor seeks to compel delivery by the Commercial Bank of North America of assets allegedly belonging to the estate. The United States of America has been made a party, has appeared and filed its answer.
Decedent in his lifetime guaranteed a loan made by the bank to a corporation of which he was the sole stockholder and delivered United States Treasury bonds as collateral. Subsequent to decedent’s death the loan was reduced to $23,250. The collateral is in the amount of $35,000. The bank now holds $7,141.49 deposited in the account of the corporation. Petitioner seeks to have the latter amount set off by the bank against the indebtedness, by reason of its so-called “ Banker’s Lien”, to sell the collateral and to return the balance to the estate. The bank is willing to sell the collateral, pay off the debt of the corporation, and return the balance to the estate, but as to the corporation’s deposit the bank asserts that the United States of America has filed a levy against the fund arising out of a claim for corporate income taxes which far exceed the amount of the deposit. The answer of the United States raises some jurisdictional questions but prays that the court direct payment of the deposit to it in satisfaction of its lien.
It is clear that the court has jurisdiction of the subject matter (Surrogate’s Ct. Act, §§ 40, 205). Both respondents concede that the estate is entitled to the balance remaining after the sale of the collateral and extinguishment of the debt. The sole issue relates to disposition of the deposit in the name of the corporation.
The lien of the United States on all property of the corporation arose at the time of assessment of unpaid taxes in 1952, several years before the loan was made in 1956, even though levy was not made until 1957 (U. S. Code, tit. 26, §§ 6321, 6322). Whether or not the lien of the United States is inferior to that of the bank, the corporation could not, under the doctrine of marshalling of assets, compel the bank as creditor, to resort to the deposit in preference to the collateral. “ The equitable doctrine of marshalling rests upon the principle that a creditor having two funds to satisfy his debt, may not, by his application of *331 them to his demand, defeat another creditor, who may resort to only one of the funds. The debtor may not ordinarily invoke the doctrine, for by doing so he would disregard the express provisions of his contract on which the creditor is entitled to rely. ’ ’ (Sowell v. Federal Reserve Bank, 268 U. S. 449, 456-457.) The rule as to marshalling has been repeatedly asserted in this jurisdiction (Farmers’ Loan & Trust Co. v. Kip, 192 N. Y. 266; Fargo v. Squires, 154 N. Y. 250; Rice v. Harbeson, 63 N. Y. 493; Matter of Van Zandt, 142 Misc. 663). In Matter of Van Zandt, Surrogate Foley stated at page 668: ‘£ The rule with respect to the marshalling of assets has been defined as one £ which courts of equity sometimes invoke to compel a creditor who has the right to make his debt out of either of two funds, to resort to that one of them which will not interfere with or defeat the rights of another creditor who has recourse to only one of these funds.’ (Farmers’ Loan & Trust Co. v. Kip, 192 N. Y. 266, at p. 283.) ” In the instant case the bank has a lien on the deposit and on the collateral. The United States has a lien only on the deposit and it can be paid only if its lien is honored. Equity demands that the lien of the United States upon the corporate bank account be satisfied and that the bank have recourse to the collateral delivered by the decedent.
In Duport v. First Nat. Bank of Glens Falls (288 N. Y. 261) the court said (pp. 268-269): “ Such discharge would leave the bank in the position of holding two funds as collateral security for part of the indebtedness due to it, while one of those funds was collateral security also for the remainder of the indebtedness. The bank was under no duty to marshal the collateral in manner which would leave any part of the indebtedness unpaid. It might apply the proceeds of the collateral which alone was security for part of the indebtedness upon that part, and it might apply the proceeds of all the remaining collateral upon the other indebtedness. (See 4 Bogert on the Law of Trusts and Trustees, p. 2700 et seq.; Farmers Loan & Trust Co. v. Kip, 192 N. Y. 266, 283; Sowell v. Federal Reserve Bank, 268 U. S. 449, at pp. 456, 457.) ” It is not the debtor who may invoke the doctrine of marshalling but it is an equitable rule to protect creditors (Sowell v. Federal Reserve Bank, supra). The bank is under no duty to look to the fund on which the United States has a lien since it will be amply protected by recourse to the collateral and may sell the collateral, pay off the loan and remit the balance to the estate. The petition for discovery is granted to the extent indicated. Submit decree on notice.