**INTERSTATE LIFE INSURANCE COMPANY, Appellant,**

v.

**Tom E. TURNER et al., Appellees.**

No. 4181.

Court of Civil Appeals of Texas.

Waco.

Oct. 24, 1963.

Rehearing Denied Nov. 14, 1963.

George F. Manning, San Antonio, for appellant.

Fred Woodley, Stahl & Sohn, Pfeiffer & Gittinger, San Antonio, for appellees.

WILSON, Justice.

Judgment setting aside a trustee's deed and sale proceedings under a deed of trust was rendered after a nonjury trial. Findings and conclusions were filed. We reverse and remand in part, and in part reverse and render.

Willow Springs Development Co. and another executed a $48,500 vendor's lien note, additionally secured by a deed of trust, which was assigned to appellant Interstate Life Insurance Co. The note was payable in five installments of $9700 each, plus accrued interest, due October 19, 1960, and on October 19th annually thereafter. The first installment was not paid when due. On November 29, 1960 appellee Turner wrote Interstate that he had signed an earnest-money contract to purchase the land described in the deed of trust, that the transaction was being handled by a title company, that he had applied for a zoning change, that he would assume the balance of the debt, and that he had been informed that Interstate "is willing to bear with" Willow Springs "these few days", providing he gave written assurance he would take the property contingent on his obtaining the zoning change and a clear title. His letter recited he was cognizant the first payment was "due on November 24, 1960."

December 1, 1960 the title company wrote Interstate, at Turner's request, that it would pay the October installment when the zoning application was approved and funds were available. On December 2, 1960 Interstate wrote Turner, stating the total principal and interest due on the delinquent installment to December 15, and

the amount of daily interest to be added thereafter. The court found, and the evidence shows the amount of interest was erroneously computed as being more than the note actually called for. Interstate's letter said, "In view of the sale, we agree not to take any foreclosure action if payment of the delinquent installment and accrued interest is paid to us by December 18, 1960. It is our understanding that you will see that a check will be forwarded by the title company as a part of your closing proceedings. If payment is made as here requested, the note will be in a current status and no longer delinquent. This letter shall not be construed to in any manner constitute a release of lien." On December 22, 1960 the title company sent Interstate a check representing the amount of the October 19, 1960 installment of principal and "interest to December 28, 1960." The interest was computed and paid to the latter date by the title company, anticipating delivery delay during the Christmas holiday season. The letter of transmittal stated, "The remaining payments when due will be made" by Turner. The next installment was not paid on October 19, 1961 as the note provided, and Interstate requested the trustee to proceed with sale under the deed of trust, which was held December 5, 1961. Interstate was the purchaser for $40,801. Although the evidence shows an unsuccessful effort was made to locate and make demand for payment on the makers, no presentment, demand or notice was given to Turner, who had assumed payment of the note.

No attack is made on the regularity of proceedings by which the trustee made sale of the land under the power of sale in the deed of trust. Appellees defend the judgment and urge affirmance on three grounds: (1) The note was not in default when the trustee's sale was held because Interstate had agreed to change the annual installment due date from October 19th to December 27. (2) The trial court correctly held that Interstate was required to present the note to, and make demand of

Turner for payment before proceeding to foreclose under the deed of trust. (3) Turner "at all times in good faith believed the second annual installment was due on December 28, 1961, and such belief was due to an honest and justifiable mistake on his part"; and the trial court therefore correctly concluded that Turner's mistake "calls for the exercise of this Court's equity powers to prevent a manifest injustice", and appellant is estopped. These are substantially the conclusions specified by the trial court as the basis for judgment.

(1) Appellees' argument that Interstate had agreed and contracted to change the due date of the October 19, 1961 and subsequent installments is based primarily on the correspondence above summarized. Appellees emphasize the language in Interstate's letter to Turner of December 2 that "if payment is made as here requested, the note will be in current status and no longer delinquent", urging that since Interstate received payment December 27, 1960, the next installment would not be due for one year from that date. They state the amount remitted to Interstate by the title company, computed to December 27, 1960, was $53.44 too much, appellant having erroneously computed the daily interest on the entire principal; and this was consideration for the extension. They further claim that because appellant's bookkeeper inserted in its ledger three parallel perpendicular tabulating machine marks in a second ledger column headed "date due", adjacent to a first column headed "date"; and because the bookkeeper had posted "Dec. 27, 60" in the "date" column when the initial installment payment was received, the three perpendicular marks are to be interpreted as "ditto marks", establishing a future due date different from that provided in the note. They also point to testimony that appellant's comptroller had made a pencil notation on the ledger sheet, "2,522 interest 1961", and that these figures represent the amount of interest for a full year. The trial court found as a fact therefrom that "according to Inter-

state's records, December 27, 1961 was the due date of the second annual installment, and it had agreed, for a valuable consideration, to change the due date. There is no testimony by Turner of any such agreement, or from which it can be implied.

■ Neither from the foregoing nor from any other favorable circumstance in the record do we find any probative evidence of a contract or agreement to change the due date of the October 19, 1961 installment, and appellant's first point is sustained. See Tsesmelis v. Sinton State Bank, Tex. Com.App., 53 S.W.2d 461, 462.

(2) The note was payable in "San Antonio, Bexar County, Texas", and provided, "Each maker, surety and endorser of this note expressly waives all notices, demands for payment, presentations for payment, notices of intention to accelerate the maturity, protest and notice of protest, as to this note and as to each, every and all installments hereof". Turner assumed payment of the note in the deed to him. The deed of trust provided that in the event of default, "grantors hereby expressly waiving presentment and demand for payment", the beneficiary may elect to accelerate maturity. The trial court concluded, and appellees insist that since the latter clause made acceleration optional, the holder cannot, without demand and presentment for payment, exercise such option and foreclose under the power of the deed of trust, since no specific place of payment is expressed in the note or deed of trust.

■ In our opinion demand and presentment were not necessary. The note expressly provided that notice of intention to accelerate maturity, demand and presentment for payment were waived. Art. 5937, Sec. 82, Vernon's Ann.Tex.Stats. provides that presentment for payment is dispensed with by express waiver. The waiver is valid and effective. Sydnor v. Gascoigne, 11 Tex. 449, 456; Anderson v. Ladd, 313 Tex. 479, 115 S.W.2d 608, 613; Sowell v. Federal Reserve Bank of Dallas, Texas,

(1925) 268 U.S. 449, 45 S.Ct. 528, 69 L.Ed. 1041; Cato v. Jeffreys, Tex.Civ.App., 50 S.W.2d 413; Linthicum v. Angelo Furn. Co., Tex.Civ.App., 60 S.W.2d 315, 316; 9 Tex.Jur.2d Sec. 185, p. 207; Brannan, Negotiable Instrument Law, Sec. 110; Jones, Mortgages Sec. 74.

In Faulk v. Futch, 147 Tex. 253, 214 S.W.2d 614, 5 A.L.R.2d 963 it was held that where the acceleration clause in the note leaves acceleration optional with the holder, "such holder cannot, without presentment for payment, exercise his option to declare the whole amount due, if no specific place of payment is expressed in the note, until it has been presented to the payor at the latter's known place of business". In that case, however, demand was made; there was no waiver of demand, presentment, or notice of acceleration in the note; and the opinion noted the right to have the note exhibited could be waived. In other cases relied on by appellees, and those we have examined holding demand and presentment are prerequisite, there was no express waiver as in this case. (E. g., Gresham v. McElroy, Tex.Civ.App., 309 S.W.2d 84, 91; Parker v. Mazur, Tex.Civ. App., 13 S.W.2d 174, 175, writ granted and dism. agr.; Ross v. Isaacs, Tex.Civ.App., 54 S.W.2d 182, 196, writ dism.).

(3) Appellees say that since Turner in good faith believed the second annual installment was due December 28, 1961, "due to an honest and justifiable mistake on his part", appellant "should be estopped" from taking advantage of his mistake. Turner testified he "had an idea in mind" that the second installment was due "around Christmas or thereafter" because he closed the deal for purchase of the property and assumption of the note about that time in 1960. After this suit was filed Turner tendered a check dated January 26, 1962 to appellant in payment of the 1961 principal installment and interest. Appellant declined to accept the payment, having previously advised it would so decline. Turner then offered to pay the entire balance, which offer was also declined.

■ We find no basis for estoppel in the case, or for exercise of the trial court's equity power to set aside the sale. Thornton v. Goodman, Tex.Com.App., 216 S.W. 147; Sparkman v. McWhirter, Tex.Civ. App., 263 S.W.2d 832, 837, writ refused.

■ Appellant assigns error to failure of the trial court to render judgment for deficiency on its cross-action against Turner and the makers of the note, and asks us to render judgment thereon. Appellees do not reply to the point. The trial court's findings relating to the elements of the cross-action are based on the conclusion the note was not in default. The findings are insufficient as a basis for judgment, and all data for judgment are not available. The cross-action for deficiency judgment is severed, and remanded to the trial court.

The remainder of the judgment is vacated. Judgment is here rendered that appellees take nothing, and that appellant have judgment for title and possession of the property described in the trustee's deed.