In the Matter of JACK DILLON CON-
STRUCTION CO., INC., Debtor.

In the Matter of John M. DILLON and
Donna M. Dillon, Debtors.

**DEE WOOD INDUSTRIES,
INC., Plaintiff,**

v.

**JACK DILLON CONSTRUCTION CO.,
INC. and John and Donna
Dillon, Defendants.**

Bankruptcy Nos. 82–05561, 82–05560.
Adv. No. 83–0584.

United States Bankruptcy Court,
D. New Jersey.

March 19, 1984.

D. JOSEPH DeVITO, Bankruptcy Judge.

On October 6, 1983, Dee Wood Indus-
tries, Inc. (Dee) filed its complaint seeking
to marshal the assets of the debtors, Jack
Dillon Construction Co., Inc., John Dillon
and Donna Dillon, his wife (the Dillons).

## PROCEDURAL AND
## FACTUAL HISTORY

On August 13, 1982, the Dillons and the
Jack Dillon Construction Co. filed volun-
tary petitions for relief under Chapter 11 of
the Bankruptcy Code. Dee is a secured
creditor holding third mortgages encumber-
ing the Dillons' property located at 4 Har-
vard Road, Linwood, New Jersey (the Lin-
wood property) and 19 N. Madison Avenue,
Margate, New Jersey (the Margate proper-
ty). The debt underlying the two mortgag-
es now totals $116.799.24, together with
interest from May 2, 1983.

Midlantic National Bank (Midlantic) and
Heritage Bank, N.A. (Heritage), also se-
cured creditors of the debtors, hold second
mortgages encumbering the Margate and
Linwood properties, as well as mortgages
encumbering debtors' property located at
125 North Lafayette Avenue, Ventnor,
New Jersey, and 408 New Road, North-
field, New Jersey. The debt underlying
the above mortgages now totals $430,-
000.00.

Heritage holds a first mortgage on the
Margate property and a second mortgage
on the debtors' property located at 31 Ced-
ercrest Avenue, Pleasantville, New Jersey,
as well as liens on four life insurance poli-
cies, construction contracts and their pro-
ceeds, and the 1.875 per cent interest
owned by John Dillon in the Magnum and
Magnum Associates II Partnership (the

Magnum Partnership). The debt owed by the debtors to Heritage totals $200,000.

On January 20, 1984, a consent order was entered in the matter of *Dee Wood Industries, Inc. v. Jack Dillon Construction Co., Inc. et al,* Adversary No. 83-0584, wherein Dee, Heritage and Midlantic agreed to a marshalling of the debtors' assets. The order provided, *inter alia,* that:

a. Dee, to the extent it is a junior creditor, and Midlantic, to the extent it is a junior creditor, will be subrogated and substituted to the liens of the paramount creditors in singly charged funds to the extent of the proceeds paid to said paramount creditors from doubly charged funds.

Apparently, the debtor also agreed to the above order, excepting and excluding the Magnum Partnership interest from the marshalling concept. The precise issue before the Court is whether the Magnum Partnership is subject to the marshalling of debtors' assets.

In these considerations it is helpful to define paramount creditor, singly charged fund, and doubly charged fund. It is generally recognized that a paramount creditor is one who has a lien on both singly and doubly charged funds or property of the debtor. A singly charged fund is property in which only one creditor (the paramount creditor) has a lien. A doubly charged fund is property in which both creditors, the paramount creditor and the creditor requesting marshalling, have liens. Dee contends that the Magnum Partnership interest is subject to marshalling because Midlantic and Dee have been subrogated to the liens of the paramount creditor (Heritage) in singly charged funds (Magnum Partnership) to the extent of the proceeds paramount creditors receive from doubly charged funds. In the sale of the Margate property, Heritage received $60,388.16 from the resulting proceeds. Midlantic and Dee contend that, after the extinguishment of Heritage's lien, they each have the right to collect $60,388.16 from the Magnum Partnership by virtue of subrogation.

The debtors maintain that the Magnum Partnership is not subject to marshalling because of a consent judgment reached between the debtors and Heritage which provided, *inter alia,* that Heritage's security interest in the Magnum Partnership is limited to the amount not recovered from the sale of other collateral securing Heritage's security interest. The debtors maintain, further, that they would be prejudiced as a hypothetical lien creditor under § 544[a][1] if marshalling were allowed.

The Supreme Court has noted that "[t]he equitable doctrine of marshalling rests upon the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." *Sowell v. Federal Reserve Bank,* 268 U.S. 449, 456–57, 45 S.Ct. 528, 530–31, 69 L.Ed. 1041 (1925). When determining the relevance of the doctrine to a particular case, the Supreme Court observed that

marshaling is not bottomed on the law of contracts or liens. It is founded instead in equity, being designed to promote fair dealing and justice. Its purpose is to prevent the arbitrary action of a senior lienor from destroying the rights of a junior lienor or a creditor having less security. It deals with the rights of all who have an interest in the property involved and is applied only when it can be equitably fashioned as to all of the parties.

*Meyer v. United States,* 375 U.S. 233, 237, 84 S.Ct. 318, 321, 11 L.Ed.2d 293 (1963). In *Meyer* the Supreme Court also found that, absent federal law to the contrary, state law must be considered when determining the extent of the doctrine's application. *Meyer, supra,* 375 U.S. at 239, 84 S.Ct. at 322.

The equitable doctrine of marshalling is firmly established and well recognized in New Jersey. *See Herbert v. Mechanics Building and Loan Association,* 17 N.J.Eq. 497, 502–04 (1864). New Jersey courts have explained that "[t]he right of subrogation does not depend on any privity

of contract, but is independent of any agreement, and rests upon principles of natural justice and equity." *Gordon v. Arata,* 114 N.J.Eq. 294, 301, 168 A. 729 (1933) (quoting *Hackensack Brick Co. v. Borough of Bogota,* 86 N.J.Eq. 143, 146–47, 97 A. 725 (1916)). The right of subrogation is clearly a recognized mechanism for enforcement of the doctrine of marshalling of assets. *Gordon, supra,* 114 N.J.Eq. at 301, 168 A. 729.

The Court finds that the Magnum Partnership is subject to marshalling for the following reasons: (A) The Magnum Partnership is an asset subject to the enforcement procedure of marshalling by subrogating or substituting Midlantic, then Dee, to the rights of Heritage to collect payments from the Magnum Partnership. Failure to apply the doctrine of marshalling in this case would create an undeserved inequity and unfairness to the positions of two secured creditors—Midlantic and Dee. All the requirements for application of the doctrine have been met: (1) the same debtors are involved; (2) doubly and singly charged funds exist; and (3) the paramount creditor (Heritage) satisfied its lien through the doubly charged fund (the Margate property) to the detriment of junior creditors (Dee and Midlantic). (B) The consent judgment agreed to by Heritage, Midlantic and Dee, and verbally agreed to by the debtor, fails to exclude the Magnum Partnership from application of the equitable doctrine. Furthermore, the judgment provides specifically for Dee and Midlantic to have rights of subrogation and substitution.

Finally, the Court finds debtors' argument that they would be prejudiced under § 544[a][1] if marshalling were allowed is without merit. The case relied on by the debtors, *In re Spectra Prism Industries, Inc.,* 28 B.R. 397 (Bankr.App. 9th Cir.1983), is wholly inapplicable to the facts of the case *sub judice* for the reason that the *Spectra* court based its decision on California case law, holding that the trustee is within the class of persons whose interests could not be prejudiced by marshalling. New Jersey courts have not recognized the *Spectra* court's finding. The Court is unconvinced that the debtors would, in fact, be prejudiced as a result of marshalling.

Based upon the foregoing, Dee's application to subject the Magnum Partnership to marshalling is granted.

Submit an order in accordance with the above.