**In re Miroslav ORANSKY and Hanna Oransky, Debtors,**

**MERCANTILE BANK OF NORTHWEST COUNTY, Movant,**

v.

**Miroslav ORANSKY, Hanna Oransky, and Leslie A. Davis, Trustee, Respondents.**

**Bankruptcy No. 86–00468–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

June 23, 1987.

Rehearing Denied July 21 and Aug. 13, 1987.

Howard A. Wittner, Clayton, Mo., for debtors.

John Sutherland, St. Louis, Mo., for Mercantile Bank.

Leslie A. Davis, Clayton, Mo., trustee.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court upon the motion of Mercantile Bank of St. Peters for relief from the automatic stay. The case was submitted to the Court upon the pleadings and a memorandum of law by the Movant. Upon consideration of the record as a whole, the Court enters the following Findings and Conclusions.

## FINDINGS OF FACT

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. On or about July 5, 1983, Mercantile Bank of St. Peters loaned $268,000.00 to M.A. Oransky Enterprises, Incorporated (Enterprises) to open a restaurant known as the Tower Club. As security for this loan, the bank received a security interest in all assets of Enterprises, and the personal guarantees of Miroslav and Hanna Oransky (Oranskys), the owners of Enterprises. The Oranskys' personal guarantees were secured by a deed of trust on their personal residence at #18 Girard in St. Louis County, Missouri. The loan and security interests were subsequently transferred to the Mercantile Bank of Northwest County (Movant).

3. On or about August 2, 1985, the Oranskys sold all of their stock in Enterprises to Harmen Companies, Ltd. (Harmen). The principals of Harmen, Mr. and Mrs. Harry Menafee and Mr. and Mrs. Paul Hartge added their personal guarantees to the indebtedness of Enterprises for the benefit of the Movant. Although the Movant consented to the Oranskys' sale of their stock to Harmen, it did not release the Oranskys from their personal guarantees or from the deed of trust.

4. On February 25, 1986, the Oranskys filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code. The Debtors' statement of their liabilities include unpaid Federal and State withholding taxes in the amount of $40,499.90. Presumably, these debts resulted from the Debtors' operation of M.A. Oransky Enterprises, Incorporated.

5. The Tower Club closed in June, 1986. Payments continued to be made to the Movant on the Enterprises' loan for a period thereafter. However, when attempts to sell the Tower Club failed, the loan payments stopped. The Movant has argued that the unpaid principal balance on the Enterprise note is approximately $214,000.00.

6. On November 10, 1986, the Movant filed this motion requesting relief from the automatic stay to allow it to proceed under the Oranskys' personal guarantees and thereby foreclose on their residence.

7. The Debtors have objected to this motion on the grounds that the Movant should be required to marshal the assets and satisfy this obligation from the nondebtor obligors (Hartges and Menafees) prior to any action to foreclose upon the

Debtors' residence. The Bankruptcy Trustee has taken no position in this matter.

### CONCLUSIONS OF LAW

1. The Equitable Marshalling Doctrine "rests upon the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." *Meyer v. United States*, 375 U.S. 233, 236, 84 S.Ct. 318, 321, 11 L.Ed.2d 293 (1963), (quoting *Sowell v. Federal Reserve Bank*, 268 U.S. 449, 456–457, 45 S.Ct. 528, 530, 69 L.Ed. 1041 (1925)). The purpose of this doctrine is to "prevent the arbitrary action of a senior lienor from destroying the rights of a junior lienor or a creditor having less security ...". *Meyer, supra*, 375 U.S. at 237, 84 S.Ct. at 321.

 2. The specific requirements necessary for the application of the Equitable Marshalling Doctrine (sometimes referred to as the "Two Funds" Doctrine) are:

(a) That the two lienors are creditors of the same debtor;

(b) That there are two funds belonging to the common debtor;

(c) That only one of the lienors has a right to resort to both funds.

In such a case, equity will require that the first creditor look to the property which cannot be reached by the second creditor, but only if this can be accomplished without prejudice to the first creditor or to third parties. *In re Beacon Distributors, Inc.*, 441 F.2d 547, 548 (1st Cir., 1971); *Victor Gruen Associates, Inc., v. Glass*, 338 F.2d 826, 829 (9th Cir., 1964).

3. The Doctrine of Equitable Marshalling may be imposed only when the first creditor may look to two properties of the same debtor. That situation is not present in this case. The Oranskys are the common Debtor as between the Movant and the Trustee. However, only one "fund" (the Debtors' real property) is available to the Movant and to the Trustee in these circumstances. The Debtors no longer own Enterprises and, therefore, any assets of Enterprises are not funds belonging to the Debtors. The Harmens and the Menafees are separate debtors of the Bank and are not listed as creditors or assets in the Oranskys' Schedules and Statements of Affairs. Furthermore, the record in this case does not suggest that the Mercantile debt will be fully satisfied by foreclosure upon the Oransky properties.

4. Notwithstanding the foregoing legal analysis, if the Court were to apply the doctrine of equitable marshalling of assets in this case, the creditor Bank would be unduly prejudiced by unnecessary delay and increased expense in connection with collection of its debt. Therefore, this equitable doctrine should not be imposed in a situation where substantial inequity is a certain result.

By separate Order, the Debtors' request to require the Movant to proceed against non-debtor collateral is denied and Movant is granted relief from the automatic stay.