**In re Eugene LAEUPPLE & Kathleen Laeupple, Debtors.**

**Bankruptcy No. 87–05027–W–2.**

United States Bankruptcy Court,
W.D. Missouri.

July 6, 1988.

Thomas T. Wood, Independence, Mo., for debtors.

Arthur Federman, Kansas City, Mo., Trustee.

Michael P. Gaughan, Kansas City, Mo., for American Bank.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtors Eugene and Kathleen Laeupple filed their petition for relief under Chapter 13 on November 19, 1987. That proceeding was converted to a Chapter 7 proceeding on February 16, 1988. Arthur E. Federman has been appointed the Trustee. Eugene Laeupple had engaged in business as a general contractor since 1957 and his primary source of financing was the American Bank, the Trustee's primary opponent in this phase of the case. That bank had, in effect, given debtors a line of credit loan which fluctuated as to balance from time to time. That loan was secured by both a second and third mortgage on debtors' residence as well as by a secured guarantee executed by Kathleen Laeupple's parents, Lyle H. and Cleo H. Lively. The security was a first deed of trust on the parents' residence to the extent of $37,000.00 plus interest. Finally the bank also had two car loans secured by two motor vehicles in the possession of the debtors.

The Trustee seeks to require the American Bank to marshall assets by collecting the $37,000.00 plus interest (in reality all of the line of credit loan debt which totals some $25,000.00) from the Lively's before allowing the bank to assert its secured claim in the property of the estate. The trustee relies on *In re Jack Green's Fashions For Men–Big and Tall*, 597 F.2d 130 (8th Cir.1979). The bank on the other hand relies on *Matter of Dealers Support Service International, Inc.*, 73 B.R. 763 (Bkrtcy.E.D.Mich.1987), *In re Plad, Inc.*, 24 B.R. 676 (Bkrtcy.M.D.Tenn.1982), *In re Oransky*, 75 B.R. 541 (Bkrtcy.E.D.Mo. 1987), *A.E.I. Corp.*, 11 B.R. 97 (Bkrtcy.E.D. Penn.1981), *In re Computer Room, Inc.*, 24 B.R. 732 (Bkrtcy.N.D.Alabama 1982), *Matter of McElwaney*, 40 B.R. 66 (Bkrtcy. M.D.Georgia 1984), *In re United Medical Research, Inc.*, 12 B.R. 941 (Bkrtcy.C.D. Cal.1981) and even seeks to distinguish *In re Tampa Chain Company*, 53 B.R. 772 (Bkrtcy.S.D.N.Y.1985).

However, counsel for the protagonists have merely scratched the surface of this fascinating question, and perhaps have left undeveloped the paramount question which must be determined by the Court, i.e., what does equity call for in light of all the circumstances involved. This Court (even were it not controlled by the *Green* decision, supra), would still be completely comfortable in applying marshalling in every instance where there was any showing of any of the indicia of undercapitalization, alter ego, overreaching, or any type of misconduct on the part of the debtors, or the owners, or the senior lienholder. This Court reads the *Green* decision to mean that where refusal to marshall allows the parties who have caused the loss to the junior creditors to escape with substantial assets or to tip toe from the scene of the economic debacle hand in hand with the senior lienholder, bankruptcy courts are permitted to exercise their equitable powers to reduce the loss to the general creditors. It may well be that *Green*, supra, blurs the ancient requirements of two funds—each being property of an identical common debtor as assorted commentators have stated. Nevertheless this Court believes that it not only enunciates a more modern view—attuned to the realities of today—but indeed serves the intent and purposes of bankruptcy and its equitable considerations.

The instant case was submitted on stipulation and leaves unanswered the inferences and nuances that might arise from the fact that protest by only the bank and not the debtors or guarantors is made. The stipulation also does not flesh out what part, if any, the guarantors played in the business or in its assets. Thus there is no showing of the equitable considerations that would bring *Green*, supra, into play. There is no evidence before the Court that indicates any hint of misconduct on the part of any party. The mere fact that the parents of one of the debtors pledged property as collateral for the debt of their child

is not sufficient to invoke the power of equity to burden that property with the debtors' obligations when the debtors' property is more than ample to satisfy the obligation. Since it is the Trustee's burden to establish sufficient facts to invoke the doctrine of "equitable marshalling", and since same do not appear here, this Court must rule against the Trustee.

The Trustee's Motion To Impose The Doctrine of Marshalling is DENIED.