In re Dale E. **MITCHELL,** Debtor.

Dale E. **MITCHELL,** Plaintiff,

v.

**INTERNAL REVENUE SERVICE,** Defendant.

Bankruptcy No. BK–86–7940–A.
Adv. No. 88–157.

United States Bankruptcy Court,
W.D. Oklahoma.

Dec. 5, 1988.

Gretchen Harris, Andrews Davis Legg Bixler Milsten & Price, Oklahoma City, Okl., for debtor/plaintiff.

William S. Price, U.S. Atty., Oklahoma City, Okl., for defendant.

## MEMORANDUM OF DECISION

RICHARD L. BOHANON, Chief Judge.

The debtor-plaintiff brought his complaint seeking (1) to require that the IRS marshall assets by proceeding first against plaintiff's former employer for collection of income taxes that were not withheld; and (2) for damages caused by the IRS violating the automatic stay when it applied a refund against defendant's tax liability.

The IRS has moved for summary judgment.

The undisputed facts show that in 1985 defendant's employer paid him approximately $1,000,000 in lieu of stock bonuses and did not withhold income taxes. Whether the payment was wages subject to withholding is unclear. The defendant did not pay his 1985 tax liability for this income which is almost $388,000. In 1987 the IRS offset some $2,000 from a 1984 refund and it now appears that debtor was also entitled to another $12,000 refund that the IRS has frozen.

■ The initial issue is whether the IRS must look first to defendant's former employer on a marshalling theory since it did not withhold the sum of approximately $218,000.

The parties refer to two Oklahoma statutes dealing with marshalling. The first, 24 O.S. § 17, relates only to cases where there are senior and subordinate liens which is not the case here. The other, 24 O.S. § 4, relates to situations where there are funds claimed by several creditors. It, therefore, is likewise inapposite for there is no "fund" in this proceeding.

The next inquiry is whether the IRS should first be required to proceed against the employer for some equitable reason.

The only decision from the Court of Appeals for this Circuit raised by either party is *Markman v. Russell State Bank*, 358 F.2d 488 (10th Cir.1966). The argument there was that the bank should be required to proceed against certain collateral not available to the Markmans. The Court held, quoting from *Sowell v. Federal Reserve Bank of Dallas*, 294 F. 798 (5th Cir. 1923, *aff'd* 268 U.S. 449, 45 S.Ct. 528, 69 L.Ed. 1041 (1925) that "the doctrine of marshalling assets applies only to the case of a junior lienholder who seeks to compel a senior lienholder to exhaust security." The facts of this proceeding are not remotely similar to those of *Markman.* Here there are not two competing creditors but, rather, the debtor and a creditor; there is no collateral or a fund but only a possible contingent claim against the former employer; and there is no compelling equitable reason to reach the result urged by defendant. The simple fact is that he could have paid the taxes when they came due. That tax liability is his obligation, not the employer's. Even if the IRS should proceed against the employer and collect the taxes that were not withheld, if withholding was required, the employer would then be subrogated to the position of the IRS to claim that amount from the debtor. So, we would be back to the starting point with much wasted time and money in pursuit of the proverbial dog's own tail. And, in any event, the debtor's confirmed plan provides for payment of the taxes in full. He argues that the employer's obligation, if any, is not provided for in the plan. However, the plan does provide for payment of the IRS' priority claim in the full allowed amount and there is nothing to indicate that, if subrogated, the employer would not step into the IRS' priority position. Furthermore, if the employer is not a party to this proceeding and if it has not had adequate notice to satisfy the due process requirements it likely would not be affected by the confirmed plan. *Reliable Electric Co. v. Olson Construction Co.*, 726 F.2d 620 (10th Cir.1984).

Accordingly, summary judgment will be entered in favor of the IRS denying plaintiff's marshalling claim.

■ The next issue concerns whether the IRS is in contempt for violation of the automatic stay. Some 40 days after the petition date the IRS applied approximately

$2,000 of debtor's 1984 tax refund to his 1985 tax liability. The remainder of the 1984 refund, about $12,000, is frozen in debtor's account. IRS counsel states that its Service Center did not have a bankruptcy notice in its files and the automatic setoff was accidental.

The government argues that this court's contempt power is not based on any authorizing statute and 11 U.S.C. § 362(h) does not authorize awards of damages against the government for it has sovereign immunity.

Regardless of the current status of the issue about bankruptcy court contempt power any violation of the stay will be judged by the standards of § 362(h). Apparently there was a technical, inadvertent violation of the stay when the $2,000 was set off. In the context of a $400,000 tax liability for failure to pay income tax on receipt of $1,000,000 the set off pales into insignificance. Furthermore violations of the stay are void and of no effect, and the Code requires a showing of willfulness which is absent from this record. 2 *Collier on Bankruptcy* ¶ 362.11 (15th Ed.1988).

Therefore, judgment will be entered in favor of the IRS dismissing the complaint on this claim also.